[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14224

Non-Argument Calendar

_____

ARSELES D. MILLER,

Plaintiff-Appellant,

versus

SECRETARY OF TREASURY FOR THE
UNITED STATES OF AMERICA,
and/or successors,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-00422-TPB-AAS

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Arseles Miller appeals *pro se* the *sua sponte* dismissal of his complaint against Jacob Lew, the former Secretary of the Treasury for the United States. 42 U.S.C. § 1983. The district court dismissed Miller's complaint as frivolous. 28 U.S.C. § 1915A(b)(1). We affirm.

Miller identified himself in the caption of his 14-page complaint as a "Pre-1933 Private American National: Citizen of the United States Republic." He discussed various government powers, individual rights, and his beliefs about birth certificates. He alleged that his birth certificate made him "wedded to, and made surety for, the de facto, artificial person, state creation, quasi-business trust, statutory Public 'U.S. Citizen'" and that "Article I, Section 2, Paragraph 2, and Article IV, Section 2 of the United States Constitution" "restored [him] to his former status—Private Citizen of the United States: American National—American Freeman," based on paperwork he filed in Florida. He argued that the Just Compensation Clause of the Fifth Amendment protected him, that he was a "member of the 'Posterity'" that the Constitution was designed to protect, and that the Fourteenth Amendment gave him the use and benefit of unspecified property held in trust. Miller argued that Lew, by failing to respond to several notices from Miller, agreed that Miller was a private citizen with the right "to said corporate sole and its property" and trustee rights. Miller requested

21-14224                 Opinion of the Court                 3

that the district court order use of the trust "to extinguish the debts" in a criminal case, to "[p]rovide for an emergency trust allowance upon [his] release," and to "set [a] monthly trust allowance for [his] use and enjoyment." Miller also requested that the district court "[a]rrange for [him] to be listed in all government database as Private American National Citizen" and to "[p]rovid[e] all protection, whether federal or state, including but not limited to, licenses . . . [and] identification documents."

We review the dismissal of a complaint as frivolous for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (dismissal). The failure of the district court to elaborate on the reasons for a dismissal "does not necessarily preclude affirmance where appropriate reasons for dismissal are readily apparent." *Am. United. Life. Ins. Co. v. Martinez*, 480 F.3d 1043, 1071 (11th Cir. 2007) (quoting *Grant v. Seminole Cnty., Fla.*, 817 F.2d 731, 732 (11th Cir. 1987)).

Miller, who listed the Central Florida Reception Center as his address on his complaint, was subject to the requirements of the Prison Litigation Reform Act. *See Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000) ("[T]he only status that counts, for purposes of . . . [the Act, 42 U.S.C. § 1997e(e)] is whether the plaintiff was a 'prisoner confined in a jail, prison, or other correctional facility' at the time the federal civil action was 'brought,' i.e., when it was filed."); 28 U.S.C. § 1915A(c). The Act provides that a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity." *Id.* § 1915A(a). The district court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

The district court did not abuse its discretion by dismissing Miller's complaint as frivolous. A complaint is frivolous "if it lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (internal quotation marks omitted). Miller's complaint, as the district court stated, is "incomprehensible and replete with 'the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement.'" Miller claimed special citizenship as an individual "foreign" to the United States with various, unclear property rights in equity. Miller's complaint was patently frivolous.

We **AFFIRM** the dismissal of Miller's complaint.